

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00025-CR

STEVE BALLESTEROS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-434,714, Honorable Jim Bob Darnell, Presiding

August 4, 2014

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Steve Ballesteros, appellant, appeals his conviction for murder. Appellant timely perfected his appeal. The clerk's record was filed on March 18, 2014, while the reporter's record was filed on May 8, 2014. On May 23, 2014, appellant filed an unopposed motion for extension of time to file the appellant's brief. In the motion, counsel explained that this court had received a "nine-volume record on appeal" and that due to his "current case load" he was unable to file his brief by June 7, 2014. Furthermore, counsel requested that he be allowed to file his brief on July 7, 2014,

which request was granted. On July 7, 2014, appellant's counsel filed a second request to extend the time to file the brief because appellant is "incarcerated and unable to pay for the costs of the Record on Appeal, for that reason undersigned counsel has been unable to complete Appellant's Initial Brief." He, further, requested that he be given sixty days to file the brief. In a letter dated July 7, 2014, this court denied the request after pointing out that the record had been received by the appellate court. The record having been developed and received by this court, there was no need to delay briefing on the grounds that appellant was purportedly indigent and unable to pay for the record. On July 14, 2014, appellant's counsel was notified by letter that the brief was overdue and that unless appellant's brief was filed on or before July 24, 2014, the appeal would be abated. On July 17, appellant's attorney filed a motion for this court to reconsider its denial of his request for an extension and to find appellant indigent. The court denied the request. The brief is outstanding and none of the grounds proffered by counsel warrant an extension of the deadline.

Accordingly, we abate this appeal and remand the cause to the 140th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. whether appellant has been denied the effective assistance of counsel due to counsel's failure to file a timely appellate brief. *See Ex parte Briggs,* 187 S.W.3d 458, 467 (Tex. Crim. App. 2005) (holding "a reasonably competent attorney--regardless of whether he is retained or appointed--must seek to advance his client's best defense in a reasonably competent manner"); and

4. why a timely appellate brief has not been filed on behalf of appellant.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this court by September 3, 2014. If it is determined that appellant is indigent and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, and phone number of any new counsel appointed shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before September 3, 2014.

It is so ordered.

Per Curiam

Do not publish.